**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-185-LMB |
| | ) | |
| DAVID BLAKE PEARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Antoine Harris (registration no. 1036347) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted Plaintiff will not be assessed an initial partial filing fee, because he has been unable to obtain a certified inmate account statement [Doc. #3]. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."
*Neitzke v. Williams*, 490 U.S. 319, 328 (1989).   An action is malicious if it is
undertaken for the purpose of harassing the named defendants and not for the purpose
of vindicating a cognizable right.   *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63
(E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).   An action fails to state a claim
upon which relief can be granted if it does not plead "enough facts to state a claim to
relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570
(2007).

To determine whether an action fails to state a claim upon which relief can be
granted, the Court must engage in a two-step inquiry.  First, the Court must identify the
allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft
v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere
conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the
complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific
task that requires the reviewing court to draw on its judicial experience and common
sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the
"mere possibility of misconduct."  *Id.*  The Court must review the factual allegations
in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at
1951.  When faced with alternative explanations for the alleged misconduct, the Court

2

may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against attorneys David Blake Pearson and Malcolm Henry Montgomery. Plaintiff alleges that Montgomery provided him ineffective assistance of counsel in a state criminal matter by having plaintiff "sign a paper for a Class C charge but end[ing] up with a B charge." Plaintiff that Pearson provided him ineffective assistance of counsel in a matter in which plaintiff received the maximum of "four years" in a child custody case.

### Discussion

Having carefully reviewed plaintiff's allegations, the Court will dismiss this action pursuant to § 1915(e)(2)(B). To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

3

*other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  The actions of defendants Pearson and Montgomery in providing legal representation for plaintiff simply do not constitute action under color of state law for purposes of § 1983.  *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983);  *Polk County v. Dodson*, 454 U.S. 312 (1981)(actions of public defender performing traditional functions of attorney do not constitute action under color of state law); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974)(conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of December, 2012.


**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**